# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WENDY A. SARIAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-18-34-STE |
| | ) |
| NANCY BERRYHILL, | ) |
| **Commissioner of the Social Security** | ) |
| **Administration,** | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for supplemental security income under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES** the Commissioner's decision and **REMANDS** for further administrative findings.

## I.    PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 82-95). The Appeals Council denied Plaintiff's

request for review. (TR. 1-4). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.   THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 31, 2014, her application date. (TR. 84). At step two, the ALJ determined Ms. Sarian had the following severe impairments: history of rheumatoid arthritis and fibromyalgia; asthma; obesity; bipolar disorder with borderline traits; and post-traumatic stress disorder. (TR. 84). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 85).

At step four, the ALJ concluded that Ms. Sarian retained the residual functional capacity (RFC) to:

> [L]ift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk at least 6 hours in an 8-hour workday, sit for at least 6 hours in an 8-hour workday with normal breaks, avoid concentrated exposure to such things as dust or fumes, and limited to simple, repetitive tasks and relate to supervisors and coworkers only superficially and not work with the public.

(TR. 86). With this RFC, the ALJ concluded that Ms. Sarian could not perform her past relevant work. (TR. 94). Thus, at the hearing, the ALJ presented the limitations set forth in the RFC to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 134-135). Given the limitations, the VE identified two jobs from the Dictionary of Occupational Titles. (TR. 136). The ALJ

adopted the testimony of the VE and concluded at step five that Ms. Sarian was not disabled based on her ability to perform the identified jobs. (TR. 95).

## III. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUES PRESENTED

On appeal, Plaintiff alleges: (1) error in the consideration of her obesity and (2) a lack of substantial evidence to support the RFC.

## V. OBESITY

As alleged by Ms. Sarian, the ALJ failed to adequately consider the effects of her obesity when assessing the RFC.

### A. ALJ's Duty to Consider Obesity

Social Security Ruling 02–1p states that the effects of obesity must be considered throughout the sequential evaluation process. *See* Policy Interpretation Ruling Titles II and XVI: Evaluation of Obesity, 2000 WL 628049 at *1, *3 (Sept. 12, 2002) (SSR 02-1p).

At step two, obesity will be found to be a "severe" impairment when, alone, or in combination with another medically determinable impairment, it significantly limits an individual's physical or mental ability to do basic work activities. *Id.* at *4. At step three, the Listing of Impairments with regard to the Musculoskeletal System references obesity and explains that "[t]he combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A, 1.00(Q).

At step four, when assessing an individual's RFC, the ALJ "must consider any additional and cumulative effects of obesity." *Id.* For example, fatigue may affect an obese individual's ability to sustain work activity and the combined effects of obesity with other impairments might be greater than may be expected without obesity. SSR 02-1p at *6. However, "[o]besity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." *Id.* Therefore, "[a]ssumptions about the severity or functional effects of obesity combined with other impairments [will not be made]," and the ALJ "will evaluate each case based on the information in the case record." *Id.*

In conjunction with assessing the effects of obesity, the ALJ must "explain how he reached his conclusions on whether obesity caused any physical or mental limitations." *Baker v. Barnhart*, 84 F. App'x 10, 14 (10th Cir. 2003) (internal quotation marks omitted).

*See DeWitt v. Astrue,* 381 F. App'x 786 (10th Cir. 2010); *Hamby v. Astrue,* 260 F. App'x 108 (10th Cir. 2008); *But see Smith v. Colvin,* 625 F. App'x 896 (10th Cir. 2015).[1]

### B. Error in the ALJ's Consideration of Sarian's Obesity

Various medical records document Ms. Sarian's height at 5'2" and her weight between 251 and 264 pounds. (TR. 19, 27, 41, 52, 104, 107, 111, 294, 425, 428, 431, 436, 439, 442, 446, 450, 456, 460, 464, 467, 470, 473, 477, 480, 483, 486, 489, 492, 534, 621, 638, 660, 688). Ms. Sarian's height and weight translated to a body mass index (BMI) ranging between 46.1 and 48.3—levels which are consistent with "extreme" obesity, which the SSA defines as "representing the greatest risk for developing obesity-related impairments." SSR-02-1p at *2. In her disability paperwork, Plaintiff had noted "difficulties walking" and at the hearing, Ms. Sarian testified to suffering "joint stiffness" from her rheumatoid arthritis, which prevented her from doing housework, required help from her roommate in getting up each morning, and sometimes required the use of a cane which she had been prescribed. (TR. 127-129, 341).

In addition to her obesity, Plaintiff had been diagnosed with chronic rheumatoid arthritis[2] and her pain specialist had noted: (1) that Plaintiff's pain was "associated with inactivity and obesity" and (2) that Ms. Sarian "displayed pain upon arising from a seated

---

[1] In *Smith*, unlike the *Baker*, *DeWitt*, and *Hamby* cases, all unpublished, the Court found the ALJ's discussion of claimant's obesity adequate, stating that it declined to impose a requirement on the ALJ to "note the absence of any evidence that her obesity resulted in additional functional limitations or exacerbated any other impairment." *Smith* at 899. Although *Smith* is more recent, it provides little in the way of detailed guidance, and in the instant case, unlike *Smith*, the record did contain evidence that Plaintiff's obesity had impacted her ability to walk. *See infra*. Thus, the undersigned finds the earlier cases persuasive.

[2] *See* TR. 544, 560, 575, 581, 641.

5

position and transitioning through the first few steps of ambulation." (TR. 42, 105, 108, 111, 436, 443, 457, 461, 468, 471, 474, 477-478, 480, 492, 658, 661).

Upon the classification of "extreme" obesity, the ALJ was required "to give adequate consideration to the effect of [Plaintiff's] obesity in combination with her other severe impairments." *Id.* at *6; *see* 20 C.F.R. § 416.920(a)(4)(ii), (c), (e), (g); *see also Grotendorst v. Astrue*, 370 F. App'x 879, 883 (10th Cir. 2010) (noting that "*all* medically determinable impairments, severe or not, must be taken into account at [the] later steps.") (emphasis in original); 20 C.F.R. § 416.945(a)(2) (requiring that all medically determinable impairments be considered when assessing the RFC). The ALJ failed to fulfill his duty.

In summarizing the medical evidence to assess Plaintiff's subjective allegations, the ALJ mentioned Plaintiff's weight eight times. In doing so, the ALJ noted Ms. Sarian's weight and BMI as recorded at various medical appointments. (TR. 90-92). The ALJ also noted that at these various appointments, Ms. Sarian suffered from chronic low back pain, reduced range of motion in her lumbar spine, and pain upon rising from a seated position. (TR. 90-92).

For two reasons, the Commissioner contends that the ALJ's consideration of Plaintiff's obesity was adequate, but neither argument has merit.

First, Ms. Berryhill states: "[T]he ALJ connected Plaintiff's obesity with her particular symptoms and resulting functional abilities." (ECF No. 19:12). This statement refers to the ALJ's acknowledgement of Plaintiff's weight and BMI and her difficulties with low back pain and reduced range of motion. (ECF No. 19:12). However, contrary to

6

Defendant's statement that the ALJ "connected Plaintiff's obesity with her particular symptoms and resulting functional abilities," the ALJ did no such thing. Instead, the ALJ simply recited findings as set forth in various medical records without assessing whether the obesity had caused any particular limitations or functional loss. This omission was especially critical in light of: (1) Plaintiff's rheumatoid arthritis, which the ALJ had also acknowledged as severe,[3] (2) the evidence documenting Ms. Sarian's difficulties in walking[4] and (3) the SSA's statement that "An [obese] individual may have limitations in . . . walking[.]" SSR 02-1p at *6; *see also* SSR 02-1p at *6 ("The combined effects of obesity with other impairments may be greater than might be expected without obesity. For example, someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from the arthritis alone.").

Second, Defendant argues that the ALJ adequately considered Ms. Sarian's obesity because he allowed for a more restrictive RFC than two agency physicians who had concluded that Ms. Sarian could perform "medium" work, "not further limit[ed]" by pain and obesity. (ECF No. 19:13); (TR. 152, 167). In doing so, Ms. Berryhill cites a statement from the ALJ which he made while evaluating the state agency physicians opinions, that: "[t]ogether [Plaintiff's] impairments would more reasonably limit her to light exertion." (ECF No. 19:12) (citing TR. 94). Although Defendant accurately quotes the ALJ, and the

---

[3] *See* TR. 84. At step two, the ALJ acknowledged a "history" of rheumatoid arthritis as a severe impairment, but the records indicate that Ms. Sarian had been diagnosed with chronic rheumatoid arthritis during the period of disability. See supra n. 1.

[4] (TR. 42, 105, 108, 111, 127-129, 341, 436, 443, 457, 461, 468, 471, 474, 477-478, 480, 492, 658, 661).

7

agency physicians had opined that Plaintiff could perform medium work not limited by pain and obesity, the ALJ never mentioned the obesity at all in discounting the agency opinions and the Court cannot assume that the ALJ had done so. *See* TR. 94. Thus, the Court rejects Ms. Berryhill's second argument as an improper *post hoc* rationale. *See Haga v. Astrue,* 482 F.3d 1205, 1207 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."); *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (the Court should not "substitute [its] judgment for that of the Commissioner.").

### C. Summary

Ms. Sarian is classified as "extremely obese." The ALJ acknowledged as much, by concluding that her obesity was severe at step two. Accordingly, the ALJ was required to thereafter consider if and how Plaintiff's obesity might affect her functional abilities, both alone, and in combination with her rheumatoid arthritis or other impairments. But the ALJ never acknowledged the standard for evaluating obesity and apart from reciting Plaintiff's height and weight, and various medical findings, he never connected the obesity with any findings or assessed the impact of Plaintiff's obesity as required. On remand, the ALJ should evaluate Plaintiff's obesity under SSR 02-1p and make specific findings regarding the impairment's effect on the RFC.

### VI. PLAINTIFF'S REMAINING ALLEGATION

As a second point of error, Ms. Sarian alleges that the RFC for light work lacked substantial evidence. (ECF No. 16:11-15). But the RFC could be affected following reconsideration of Plaintiff's obesity. Accordingly, the Court need not consider this

8

argument. *See Robinson v. Barnhart*, 366 F.3d 1078, 1085 (10th Cir. 2004) ("We will not reach the remaining issues raised by claimant because they may be affected by the ALJ's resolution of this case on remand.").

**ORDER**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge **REVERSES** the Commissioner's decision and **REMANDS** for further administrative findings.

ENTERED on July 31, 2018.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE